UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON GRAVES, et al., | ) | CASE NO. 4:10cv2821 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | JUDGE SARA LIOI |
| MAHONING COUNTY, et al., | ) ) ) | |
| Defendants. | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** [Resolving Doc. 51] |

Before the Court is Defendants' Motion (Doc. 51) to Strike Plaintiff's First Amended Complaint (Doc. 48). The matter has been fully briefed and is ripe for this Court's disposition. For the reasons set forth herein, the Motion is GRANTED.

**I. Background**

Plaintiffs filed their 33-page verified complaint in this Court on December 14, 2010, seeking declaratory and injunctive relief against Defendants Mahoning County and nine of its townships for allegedly issuing arrest warrants "founded upon conclusory criminal complaints stating only the officer's conclusion that the accused committed the offense and the elements of

the crime," which warrants Plaintiffs allege are "facially insufficient to support an independent finding of probable cause to arrest." (Doc. 1 at 1.)[1] Plaintiffs raised claims for injunctive relief (Count 1), declaratory relief (Count 2), civil rights violations (Count 3), and abuse of process (Count 4). At the time it was field, this case was assigned to Judge David D. Dowd.

All but one of the original defendants[2] in this matter filed motions to dismiss the complaint on January 21, 2011. (Docs. 22, 23.) The final defendant filed an answer on the same date. (Doc. 24.) On February 14, 2011, before the Court ruled on the motions to dismiss, Plaintiffs filed a motion to amend their complaint, stating as their basis that they needed to include argument that "Ohio Crim. Rule 5 violates the 48 hour provision for probable cause determinations" and assuring the Court that "the amended complaint does not change the material allegations in the original complaint." (Doc. 29 at 1, 4.) In the concluding paragraph of the motion to amend, Plaintiffs stated that they simply sought to "add the statutory defects identified [in the motion] [.]" *Id.* at 5.

Attached to the motion to amend was a 35-page draft amended complaint. (Doc. 29-1.) The draft pleading named the same defendants Plaintiffs had named in the original complaint, and added no new claims. Instead, it simply expanded upon the claims made in the original complaint.[3]

All but one of the original defendants opposed the motion to amend. (Docs. 35, 36.) On March 25, 2011, Judge Dowd granted the motion (Doc. 41), finding that "it [was] in the

---

[1] Citations to page numbers of ECF documents are to the ECF pagination, which may differ from the parties' pagination.
[2] The defendants originally named in this action were Mahoning County and the townships of Austintown, Beaver, Boardman, Goshen, Green, Jackson, Milton, Smith and Springfield. (Doc. 1.)
[3] Specifically, the Draft Amended Complaint added new paragraphs to Count 1 (Doc. 29-1 at 25-27, ¶¶ 94-100) setting forth bases for the claim that Ohio Crim. R. 5 and R.C. § 2935.10 are unconstitutional.  It then went on to seek injunctive and declaratory relief on the basis of those arguments. *Id.* at 28, ¶¶ B, C; 30 ¶¶ F, G, H.

interest of the parties and judicial economy to allow plaintiffs to advance all of their constitutional claims at this early stage of litigation." *Id.* at 1.

Ten days later, on April 4, 2011, Judge Dowd recused himself from this matter. It was immediately reassigned to the undersigned. After two motions for an extension of time, Plaintiffs filed the First Amended Complaint ("FAC") (Doc. 48) on April 9, 2011. In addition, Plaintiffs filed over thirty exhibits, totaling nearly 250 pages. (Docs. 45, 46, 47).

The FAC is over seventy pages long. In addition to the original defendants, it names two additional township defendants, two additional city defendants, and twenty new individual defendants (all prosecutors, clerks of court, or law enforcement officials)[4], as well as John Doe defendants. It also names twelve new plaintiffs. It raises the same four claims as the original complaint, but adds a new claim for malicious prosecution. The first three claims that appear both in the draft amended complaint and the FAC (namely the claims for injunctive relief, declaratory relief and civil rights violations) are substantively similar. The abuse of process claim, however, is markedly distinct from what Plaintiffs presented in the draft amended complaint. The malicious prosecution claim is entirely new.

**II. Legal standard**

Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, the court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike under Rule 12(f) are addressed to the sound discretion of the trial court, but are generally disfavored. *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997)

---

[4] In their Motion to Strike, Defendants have asserted that several of the newly-named defendants are either witnesses, prosecutors, or investigating officers in ongoing criminal cases against several of the named plaintiffs and a separate criminal proceeding against one of the plaintiffs' attorneys in this matter. They further assert that defense counsel in several of those criminal cases is co-counsel in this matter. (Doc. 51 at 2.)


(citations omitted). Striking pleadings is considered a drastic remedy to be used sparingly and only when the purposes of justice so require. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.3d 819, 822 (6th Cir. 1953). However, within this framework, the court retains "liberal discretion" to strike filings as it deems appropriate. *Nationwide Ins. Co. v. Cent. Mo. Elec. Co-op., Inc.*, 278 F.3d 742, 748 (8th Cir. 2001) (citing *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000)).

Under Rule 15(a), a party may amend its pleadings once as a matter of course prior to being served with a responsive pleading, but thereafter only with leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave shall be given freely when justice so requires. *Id*. Generally, an amendment that does not comply with Rule 15(a) is without legal effect and any new matter it contains will not be considered unless the amendment is re-submitted for approval. *Straub v. Desa Indus., Inc.*, 88 F.R.D. 6, 8 (M.D. Pa. 1980); *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Four Ambassadors*, 599 F. Supp. 534, 537 n.5 (S.D. Fla. 1984).

**III. Analysis**

By attaching a draft amended complaint to their motion to amend, Plaintiffs made a representation to Judge Dowd regarding their intentions. Judge Dowd expressly stated in his Order granting leave to amend that Plaintiffs were being given an opportunity to plead all of their constitutional claims, which Plaintiffs had represented involved claims regarding Ohio Crim. Rule 5 and R.C. § 2935.10. In their own words, Plaintiffs "simply [sought] to add the statutory defects" in amending their Complaint. (Doc. 29 at 5.) Plaintiffs included those claims in their FAC, but the pleading went far afield from the mere addition of constitutional claims.

Having concluded that the changes made by Plaintiffs' FAC exceeded the scope of leave granted, and now faced with Defendants' motion to strike, the Court finds that the FAC must be stricken because it far exceeded the scope of leave granted by the Court. Further, the Court finds that allowing the FAC to stand would severely prejudice Defendants because the original defendants did not have an opportunity to oppose an amendment of this scope, and all defendants would suffer delay while the newly-added defendants formulated motions or responses to the FAC.

> While the precedent in this area is rather sparse, as a general rule courts are reluctant to strike otherwise pertinent parts of a complaint even where the filing exceeded the scope of leave granted by the court. *See Shirk v. Fifth Third Bancorp*, No. 05-cv-049, 2008 WL 4449024, at *13-14 (S.D. Ohio Sept. 26, 2008) (citing *In re One Meridian Plaza Fire Litig.*, No. 91-2171, 1993 U.S. Dist. LEXIS 11126, at *4 (E.D. Pa. Aug. 12, 1993); *Wallace v. Sys. & Computer Tech. Corp.*, No. 95-cv-6303, 1997 WL 602808, at *8 (E.D. Pa. Sept. 23, 2007)). However, those courts permitting excessive filings to stand generally rationalize the decision on the basis of a close relationship between the new portions of the complaint filed without leave and the prior version of the complaint.

*In re Keithley Instruments, Inc.*, 599 F. Supp.2d 908, 913 (N.D. Ohio 2009). This is not the case in the instant matter.

In the opposition to the motion to strike, Plaintiffs make four arguments in support of their FAC. First, they make the unlikely argument that their FAC did not exceed the scope of the Order (Doc. 41) granting them leave to amend. As part of this argument, they assert that only one defendant had filed an answer in the matter, and that the rest had only filed motions to dismiss. Apparently, Plaintiffs infer that only one answer from the original ten defendants means that they should have been able to amend as a matter of course under Rule 15(a) of the Federal Rules of Civil Procedure as to the non-answering defendants.

This argument is without merit. First, Plaintiffs represented to the Court that they intended to amend their complaint in a particular manner, which was merely to flesh out a

5

constitutional claim. The Court, having received such an assurance and a draft amendment to substantiate that assurance, specified in its Order that Plaintiffs ought to have an opportunity to make out their constitutional claims early in the proceedings. To then add more than ten named plaintiffs and over twenty new defendants, to significantly modify an existing claim and to add an entirely new claim renders the submission of a draft amended complaint (and all of the attendant assurances in the motion to amend) pointless and even misleading to the court. *See Scanlan v. Radiance Techs.*, No. 3:07cv145, 2008 WL 4224932 at *4 (N.D. Miss. Sept. 11, 2008) ("In the court's view, it largely defeats the purpose of submitting a proposed amended complaint if the plaintiff intends to modify it after obtaining permission to [file it].")

Moreover, Plaintiffs apparently felt compelled to file a motion to amend their complaint under Rule 15(a)(2) and to make representations to the court regarding the limited nature of those amendments. Plaintiffs did not proceed on the assumption that, concerning those defendants who had filed motions to dismiss, they could amend as a matter of course. Nor could they have, given the language of Rule 15(a), which reads as follows:

> Amendments Before Trial
>
> > (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> >
> > > (A) 21 days after serving it, or
> > >
> > > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading *or 21 days after service of a motion under Rule 12(b), (e), or (f),* whichever is earlier.

Fed R. Civ. P. 15(a) (emphasis added). Defendants' motion to dismiss was a motion under Rule 12(b)(6). Plaintiffs' motion to amend the complaint was not filed until February 14, 2011, just after the twenty-one day deadline had passed. Plaintiffs had to seek leave of the Court to amend their complaint, which they acknowledged by expressly moving under Rule 15(a)(2). (Doc. 29 at

6

1.) Having sought and received leave to amend on the basis of the representations made by the attachment of a draft complaint, Plaintiffs may not then entirely alter the landscape of the litigation by filing an amended pleading that raises new claims and joins new parties—notably at a point at which the undersigned has only recently received the matter on her docket, and also notably without having made any mention in the motion to amend that they intended to join new parties.

Plaintiffs' second argument is similar to the first: they claim that the Order granting leave to amend gave them ten days to file "an amended complaint" (Doc. 41) and did not specify that they should file the draft complaint they had attached to the motion to amend. Therefore, they argue, the Court did not intend to constrain them to the scope of the representations they made by presenting a draft complaint, and they were free to file whatever amendment they saw fit. For the reasons set forth above, that argument is without merit. Plaintiffs clearly made representations regarding their intentions in amending their complaint, and the Court granted their motion to amend within the context of those representations.

In their third argument, Plaintiffs claim that their addition of individual defendants in the FAC is a response to Defendants' assertion in their motions to dismiss—filed January 21, 2011—that the municipalities were not liable. (Docs. 22, 23.) Plaintiffs cite a request in their proposed sur-reply, which was attached to their Motion for leave to file a sur-reply, in which they "seek leave to include [every police officer as Doe defendants] in an amended complaint" if such was necessary in order to defeat immunity. No such request was made in the brief in opposition to the motions to dismiss, other than a closing sentence generically praying for leave to amend to correct deficiencies in the complaint. (Doc. 26 at 38.) More importantly, no such request was made in the motion to amend the complaint, which was filed February 14,

7

2011, eight days before the motion to file a sur-reply and three weeks after Defendants made their arguments in the motions to dismiss. Never actually having properly sought leave despite notice of the argument and an opportunity to do so, Plaintiffs may not, on their own initiative and without any warning, join new parties in their amended complaint.

Finally, Plaintiffs argue that they named the additional plaintiffs to this action to "bolster the claims originally raised." Apparently, because Plaintiffs hope to have this action certified as a class action, they are under the impression that they may—whenever they feel it is necessary—name as many plaintiffs as they feel they need to in order to support the claims of the class.

This belief is incorrect for two reasons. First, as has already been established, Rule 15(a) limited the time within which Plaintiffs could amend without leave. Second, while Plaintiffs would like the Court to believe that the interests of the class were being protected through the addition of these plaintiffs, the Court cannot overlook the fact that entirely new municipal defendants were added without leave of Court, and that the addition of municipal defendants would undoubtedly require the addition of plaintiffs who allegedly suffered harm in those municipalities.[5] It is this consideration that most concerns the Court with regard to Plaintiffs' final argument.

## IV. Conclusion

For all of the reasons set forth above, Defendants' motion to strike is GRANTED, and Plaintiffs' First Amended Complaint and all exhibits attached thereto are hereby STRICKEN. If Plaintiffs still wish to amend their complaint in the manner originally requested and represented, they may file forthwith an amended complaint that comports with the

---

[5] See, for instance, Sergio Rivera, a plaintiff newly named in the First Amended Complaint whose claims allegedly arise from the conduct of officials in the City of Struthers, a newly named Defendant. (Doc. 48 at 41.)

representations made to Judge Dowd in the motion to amend and in the attached draft complaint; that is, Plaintiffs may file the amended complaint that was attached to their motion. *See* Doc. 29-1. If that amended complaint is not filed within seven (7) days of the date of this Order, the case shall proceed on the basis of the complaint originally filed in this matter.

       IT IS SO ORDERED.

DATE: August 23, 2011                      */s/ Sara Lioi*
                                               Hon. Sara Lioi
                                               UNITED STATES DISTRICT JUDGE