UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON GRAVES, et al., | ) | CASE NO. 4:10CV2821 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| MAHONING COUNTY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is Defendants' Joint Motion to Strike the Amended Complaint (Doc. No. 91), Plaintiffs' Response (Doc. No. 92), and the Response of Smith Township (Doc. No. 93). Plaintiffs also filed a Response to Doc. No. 93 (Doc. No. 95) and Smith Township filed a Reply (Doc. No. 96). For the reasons discussed below, the Motion to Strike is **GRANTED**.

## I. BACKGROUND

On August 23, 2011, the Court issued a Memorandum Opinion and Order striking Plaintiffs' First Amended Complaint (Doc. No. 48) and all exhibits attached thereto (Doc. Nos. 45, 46, 47) because it was not the same First Amended Complaint that Plaintiffs had submitted to Judge Dowd[1] when they moved for, and were granted, leave to amend. Plaintiffs were granted seven (7) days to file a First Amended Complaint that would comport with the representations made to Judge Dowd in the Motion to Amend and its tendered draft complaint. The Order specified that, if the proper Amended Complaint was not filed within seven days, the case would

---

[1] Judge Dowd was initially assigned to the case but recused on April 4, 2011.

proceed on the basis of the original Complaint. *See* Memorandum Opinion and Order, Doc. No. 84.

On August 24, 2011, the Court issued an Order setting deadlines for managing several issues currently pending and/or anticipated. The Order indicated that, following the 7-day deadline for Plaintiffs to file a proper amended complaint, Defendants would be allowed until September 9, 2011 to either renew the motions to dismiss which were previously denied as moot (Doc. Nos. 22 and 23) or file new motions to dismiss. The Order set deadlines for briefing any motions to dismiss and indicated that, should the case survive, the Court would then address the pending Motion for Preliminary Injunction and would, for now, continue to hold in abeyance briefing and ruling on the pending Motion for Class Certification. *See* Order, Doc. No. 24.

The 7-day window for Plaintiffs to file a proper amended complaint passed with no amended complaint having been filed. On September 9, 2011, Motions to Dismiss were filed by Defendant Mahoning County (Doc. No. 87) and Defendants Austintown Township, Beaver Township, Boardman Township, Goshen Township, Green Township, Jackson Township, Milton Township, and Springfield Township (Doc. No. 89). The Court's previous Order had set September 23, 2011 as the deadline for Plaintiffs to oppose any Motions to Dismiss. Plaintiffs filed no opposition.

Instead, on September 30, 2011 and without seeking leave, Plaintiffs filed an Amended Complaint (Doc. No. 90), asserting that they did so "once as a matter of course" pursuant to Fed. R. Civ. P. 15(a)(1)(B). Defendants have jointly filed a Motion to Strike Doc. No. 90[2] and Plaintiffs have opposed the Motion to Strike.

---

[2] The Amended Complaint (Doc. No. 90) did not conform to electronic filing requirements to separately identify each exhibit. Plaintiff's counsel was advised by the Clerk's Office on October 3, 2011 to refile the Amended

2

## II. DISCUSSION

Plaintiffs, in docketing their Amended Complaint, added language to the docket text suggesting that they were amending "once as a matter of course." *See* Docket Text for Doc. No. 90. Purportedly, they were doing so under the authority of Rule 15(a)(1)(B).

Rule 15 provides, in relevant part:

(a) Amendments Before Trial.
    (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
        (A) 21 days after serving it, or
        (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
    (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiffs rely on Rule 15 because of their steadfast assertion that this Court has failed to enter a Scheduling Order within the meaning of Rule 16. Although the Court is of the view that circumstances in this case have taken it outside the strict confines of Rule 16 and have permitted the entry of a modified Scheduling Order to suit those circumstances,[3] even under

---

Complaint. He has done so as Doc. No. 94. The Court will deem the Joint Motion to Strike as being directed at Doc. No. 94.

[3] Whether or not this Court has issued a "Scheduling Order" within the meaning of Rule 16, it has clearly entered Orders scheduling deadlines for various case events, including a deadline for filing a proper amended complaint. The Court has discretion to issue such orders, which are not trumped by the Rules of Civil Procedure, and once such an order has been entered, it may only be modified for "good cause." *See Shane v. Bunzl Distribution USA, Inc.*, 275 Fed. Appx. 535, 536 (6th Cir. 2008) (decided prior to Rule 15 amendments, but stating principles that are still applicable); *see also Meeks v. Powers*, No. 8:09-CV-3279-MBS, 2010 WL 4286319, at * 2 (D.S.C. Oct. 18, 2010) (determining that, where defendants specifically requested a deadline for filing that actually was a Saturday and that request was granted, defendants were not free to wait until Monday to file and Rule 6(a)(1)(C) did not trump the Court's order setting the Saturday deadline since defendants were capable of electronically filing even on a Saturday).

Plaintiffs' theory, the Amended Complaint (Doc. No. 90) was improperly filed. To understand this conclusion, one must closely examine the docket of the case.

Plaintiffs commenced this lawsuit on December 14, 2010 by filing a Verified Complaint against Defendants Mahoning County, Austintown Township, Beaver Township, Boardman Township, Goshen Township, Green Township, Jackson Township, Milton Township, Smith Township, and Springfield Township. (Doc. No. 1.) The Complaint was served by personal service on that same day upon each Defendant. (Doc. Nos. 6 - 14.) Plaintiffs would have had until January 5, 2011 to file an amended complaint under Rule 15(a)(1)(A). Plaintiffs did not do so.[4]

On January 21, 2011, Mahoning County filed a Motion to Dismiss under Rule 12(b) (Doc. No. 22) and eight of the remaining Defendants together filed a Motion to Dismiss under Rule 12(b) (Doc. No. 23). The ninth Defendant filed its Answer. (Doc. No. 24.)[5] Plaintiffs would have had until February 14, 2011, at the latest,[6] to file an Amended Complaint "once as a matter of course" under Rule 15(a)(1)(B). Plaintiffs did not do so. Instead, on February 7, 2011, they filed a Brief in Opposition to the Motions to Dismiss. (Doc. No. 26.)

As a result of the above proceedings, plaintiffs waived any right they may have had to amend their original Complaint "once as a matter of course" under Rule 15. Even plaintiffs recognized that fact as evidenced by their Motion to Amend Complaint (Doc. No. 29)

---

[4] Plaintiffs did file a Motion for Class Certification on January 3, 2011. (Doc. No. 18.)

[5] When plaintiffs did not file their proper Amended Complaint within the 7-day window given them on August 23, 2011, pursuant to this Court's Order the case reverted back to the original Complaint. To the extent plaintiffs are now attempting to argue (*see* Doc. No. 95) that the Answer of Smith Township (Doc. No. 24) has not been revived, that argument is rejected. There would be no point in requiring Smith Township to re-file the same Answer.

[6] Under Fed. R. Civ. P. 6(a)(1)(A), the 21-day period would have begun on Saturday, January 21, 2011 and ended on Saturday, February 12, 2011. Under Rule 6(A)(1)(C), since the last day of the period was a Saturday, the time extends to "the next day that is not a Saturday, Sunday, or legal holiday[,]" that is, Monday, February 14, 2011.

4

filed on February 14, 2011, wherein they cited as authority Rule 15(a)(2), a section of the Rule requiring Plaintiffs to seek either the consent of the opposing parties or the Court's leave.

The Committee Comments to the 2009 Amendments to Rule 15 make clear that "[t]he 21-day periods to amend once as a matter of course [...] are not cumulative." Plaintiffs were given a second opportunity to amend when Judge Dowd granted their Motion to Amend. This Court, upon being assigned to the case, struck the Amended Complaint which Plaintiffs had filed because it did not conform to the Amended Complaint which had been tendered with the Motion to Amend; however, Plaintiffs were given a 7-day window of time within which to file a proper Amended Complaint. They did not avail themselves of that opportunity. Instead, they waited until Defendants filed new motions to dismiss and then, incorrectly believing they had a right to amend under Rule 15(a)(1)(B), filed the Amended Complaint which Defendants now seek to strike. Accordingly, Plaintiffs' Amended Complaint was filed outside the Rule.

Even if the Amended Complaint had been filed within the Rule, it would still be stricken for failure to comply with the purpose of the Rule. The Committee Comments to the 2009 Amendments to Rule 15 explain that the new provision permitting amendment once as a matter of course within 21 days of a motion to dismiss "will force the pleader to consider carefully and promptly the wisdom of amending *to meet the arguments in the motion*." (emphasis added.) The Comments go on to state: "The responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim."

Plaintiffs' latest Amended Complaint in no way "meets the arguments" raised by the Defendants' Motions to Dismiss, notably, arguments relating to the need for abstention and arguments relating to the bars of *res judicata*, waiver, and the teachings of *Heck v. Humphrey*,

5

512 U.S. 477 (1994). Plaintiffs have long since been on notice that these issues have been of concern to both Judge Dowd, when he was assigned, and now to the undersigned.

### III. CONCLUSION

For the reasons discussed above, the Amended Complaint (Doc. No. 94, correcting Doc. No. 90) is stricken. Although the deadline for responding to the motions to dismiss has passed and the Court would be well within its discretion to consider the motions unopposed, the Court will allow time for a response. Plaintiffs shall have until October 21, 2011 to respond to the pending Motions to Dismiss and Defendants shall then have until November 4, 2011 to file replies.

Should plaintiffs decide to file anything *other than* a response to the Motions to Dismiss, such filing shall be stricken and the Court will decide the Motions to Dismiss as if they were unopposed.

*All filings* by any party except those relating to the briefing on the Motions to Dismiss shall be suspended absent prior leave of Court.

**IT IS SO ORDERED**.

Dated: October 7, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**