## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON GRAVES, et al., | ) | CASE NO. 4:10CV2821 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| MAHONING COUNTY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court are the motions to dismiss filed by defendant Mahoning County ("the County") (Doc. No. 87)[1] and jointly by defendants Austintown Township, Beaver Township, Boardman Township, Goshen Township, Green Township, Jackson Township, Milton Township, and Springfield Township ("the Township Defendants") (Doc. No. 89). For the reasons set forth below, the motions to dismiss are **GRANTED IN PART and DENIED IN PART**. Further, this action is **STAYED** for the reasons discussed below. As a result of the stay, Plaintiffs' motions for preliminary injunction (Doc. No. 52) and for class certification (Doc. No. 53) are **DENIED WITHOUT PREJUDICE TO RENEWAL** after the stay is lifted.

---

[1] Plaintiffs filed a combined brief in opposition to both motions (Doc. No. 98); defendants filed separate replies (Doc. Nos. 99 and 100, respectively); and, with leave, plaintiffs filed a combined sur-reply (Doc. No. 102).

# I. BACKGROUND

Plaintiffs filed a 33-page verified complaint on December 14, 2010,[2] against the County and the Township Defendants for allegedly maintaining a custom of allowing deputy clerks in the County to issue felony and misdemeanor arrest warrants founded upon conclusory criminal complaints which are facially insufficient to support findings of probable cause.[3] The complaint seeks injunctive and declaratory relief (Counts 1 and 2) as well as damages for alleged violations of the Fourth Amendment and 42 U.S.C. § 1983 (Count 3) and for abuse of process (Count 4).

The Court will outline below the allegations of the complaint with respect to each named plaintiff. These allegations were confirmed and, in some instances, clarified by the Court by making reference to Mahoning County's website which provides public access to civil and criminal case dockets. The Court has taken judicial notice of facts obtained from this website in order to make the factual presentation clearer. *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) ("Although typically courts are limited to the pleadings when faced with a motion [to dismiss], a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.").

*Shannon Graves (Two Guilty Pleas)*

On May 1, 2009, Detective Jeff Solic filed two criminal complaints in Austintown County Court charging plaintiff Shannon Graves ("Graves") with two felony drug crimes

---

[2] Plaintiffs twice attempted to amend the complaint, but each time the amended complaint was stricken. *See* Doc. Nos. 84 and 97. As a result of these attempted amendments, the docket of the case contains both plaintiffs and defendants who are not actually parties.

[3] Plaintiffs filed a motion for class certification (Doc. No. 53); however, the Court previously deferred ruling on that motion until the motions to dismiss and, if necessary, the motion for preliminary injunction (Doc. No. 52) were first resolved. *See* Doc. No. 85. As a result, many of the allegations of the complaint are not relevant for purposes of the instant motions to dismiss. *See, e.g.,* Compl. ¶¶ 73-84.

committed on April 16, 2009 and April 24, 2009 (2009 CR A 445).[4] (Doc. No. 1-6, pp. 1-4.) The complaints were presented to a deputy clerk who, allegedly without reviewing the complaints or determining whether there was probable cause, signed and issued warrants for Graves's arrest. Graves was arrested that same day, subjected to custodial interrogation, and ultimately released after eight hours when an $8,000 bond was posted. Subsequently, statements obtained during the custodial interrogation were presented to a Grand Jury and she was indicted for felony drug charges (2009 CR 477B).[5] Case No. 2009 CR A 445 was later dismissed and the charges in Case No. 2009 CR 477B were amended to a misdemeanor drug charge, to which Graves entered a plea of guilty on July 30, 2009. (Compl. ¶¶ 38-43.) Graves was given a six-month suspended sentence and fined $100.

   The complaint further alleges that, on August 18, 2010, the Milton Township police chief filed a complaint against Graves charging her with felony theft on June 25, 2010 (2010 CR A 944). (Doc. No. 1-6, pp. 5-7.) The complaint was presented to a deputy clerk who, allegedly without determining probable cause, signed and issued a warrant for Graves's arrest. On August 26, 2010, a custodial arrest was made. Graves was held in the County jail for about eight hours until a $2,500 bond was posted. On October 20, 2010, Graves entered a plea of guilty to an amended misdemeanor charge of unauthorized use of property. (Compl. ¶¶ 44-48.) She was given a thirty-day suspended sentence and fined $250.

   *Michelle Benner (Two Pending/Appealed Cases; One Closed)*

   The complaint alleges that Detective Solic filed two complaints against Michelle Benner ("Benner") charging her with misdemeanor sexual activity for hire on April 22, 2009 and

---

[4] Unless otherwise noted, all the cases referenced by case number in this opinion were filed in the Mahoning County Area Court No. 4 in Austintown, Ohio.

[5] This case was filed in the Summit County Court of Common Pleas.

April 29, 2009 (2010 CR B 367; 2010 CR B 369). (Doc. No. 1-7, pp. 1-4.) A deputy clerk signed and issued arrest warrants allegedly without determining probable cause. On May 4, 2010, after being stopped by Beaver Township police for driving with faulty headlights, Benner was arrested on the outstanding warrants. She was taken into custody and was held in the County jail for twelve hours until being released on a summons. (Compl. ¶¶ 49-54.) After the instant case was filed, on September 2, 2011, Judge David D'Apolito dismissed the charges against Benner, concluding that the acts alleged did not constitute the crimes charged. On September 9, 2011, the State filed notices of appeal; the consolidated appeal (2011 MA 143)[6] is still pending.

On October 6, 2010, Benner, while she was waiting in the hallway at the Austintown Court for a status hearing on her misdemeanor charges, was overheard by Assistant County Prosecuting Attorney Nick Modarelli to say that she "would like to punch Jeff Solic in the face." A felony complaint for intimidation of a witness was filed on that same day (2010 CR A 1117). Although it allegedly provided no basis for a finding of probable cause to arrest, the deputy clerk signed and issued an arrest warrant. Benner was arrested, transported to the County jail, and held for seven hours until a bond of $8,000 was posted. The warrant upon which she was arrested was not date stamped until October 7, 2010, one day after the arrest. (Compl. ¶¶ 55-62; Doc. No. 1-7, at pp. 5-9.)  On October 27, 2010, Judge D'Apolito found there was probable cause to believe the crime had been committed by Benner and bound the matter over for consideration by a grand jury. On December 2, 2010, the grand jury returned a no bill and the case was closed. (2010 CR 1220).[7]

---

[6] All case numbers herein containing "MA" are for appeals filed in the Seventh District Court of Appeals of Ohio.

[7] This is a Summit County Court of Common Pleas case.

_Amber Sexton (Guilty Plea)_

On April 27, 2010,[8] Detective Solic filed a misdemeanor complaint against Amber Sexton ("Sexton") for sexual activity for hire on March 5, 2009 (2010 CR B 366); he obtained an arrest warrant from a deputy clerk who allegedly did not determine whether there was probable cause for arrest. (Doc. No. 1-8.) On May 5, 2010, Sexton was arrested on the outstanding warrant during a routine traffic stop for missing a front license plate. She was detained at a township police station for about an hour after which she was interrogated by Solic. After several hours she was released on a $750 bond. At a court appearance on August 9, 2010, where she was not represented by an attorney, she entered a plea of guilty to the misdemeanor and received a $250 fine and a six-month suspended sentence. (Compl. ¶¶ 63-66.)

_Nicole (Nikki) Montecalvo (Pending/Appealed Cases)_

On April 24, 2010,[9] Detective Solic filed three misdemeanor complaints against Nikki Montecalvo ("Montecalvo") involving sexual activity for hire on April 24, 2009, April 26, 2009 and April 27, 2009 (2010 CR B 373; 2010 CR B 375; 2010 CR B 376). (Doc. No. 1-9.) A deputy clerk signed and issued arrest warrants allegedly without determining probable cause. On May 23, 2010, Montecalvo was arrested on the outstanding warrants during a routine traffic stop. She was taken to the Austintown police station where, around 4:00 a.m., she was interrogated for about an hour. She was released five hours later on a summons. (Compl. ¶¶67-70.) On September 2, 2011, Judge David D'Apolito dismissed these charges, concluding that the acts

---

[8] The complaint alleges that this occurred on April 27, 2010, and this is confirmed by the docket of the case. However, the exhibits supplied show a date of April 20, 2010. This factual discrepancy is irrelevant.

[9] Again, while the complaint alleges that this occurred on April 24, 2010, the exhibits supplied show a date of April 20, 2010. This factual discrepancy is irrelevant.

5

alleged did not constitute the crimes charged. On September 9, 2011, the State filed notices of appeal; the consolidated appeal (2011 MA 151) is still pending.

*April Ellis, Amanda Wallace, Erica Jackson, Mary Pratt, and Trisha Narkum (Pending/Appealed Cases)*

On April 22, 2010, Detective Solic filed a misdemeanor complaint against April Ellis ("Ellis") charging sexual activity for hire on April 23, 2009 (2010 CR B 419). (Doc. No. 1-10, pp. 1-2.) The warrant upon which she was arrested was not signed, although the return of the warrant is signed and shows a $10 charge for making the arrest. (Compl. ¶ 71.) On September 2, 2011, Judge David D'Apolito dismissed the case, concluding that the acts alleged did not constitute the crime charged. On September 9, 2011, the State filed a notice of appeal; the appeal (2011 MA 142) is still pending.

Four other defendants were arrested on unsigned warrants after criminal complaints were filed by Detective Solic as follows: against Amanda Wallace for misdemeanor sexual activity for hire on April 26, 2009 (2010 CR B 408); against Erica Jackson for misdemeanor sexual activity for hire on April 23, 2009 (2010 CR B 420); against Mary Pratt for misdemeanor sexual activity for hire on April 22, 2009 (2010 CR B 370); and against Trisha Narkum for misdemeanor sexual activity for hire on April 28, 2009 (2010 CR B 384). (Compl. ¶ 72; Doc. No. 1-10, pp. 1-8 and 11-12.) All of these are on appeal following the dismissal. (2011 MA 137; 2011 MA 141; 2011 MA 149; and 2011 MA 150, respectively.)

## II. DISCUSSION

Although the County and the Township Defendants have filed separate motions to dismiss, they raise essentially the same arguments.[10] They assert that this Court should abstain

---

[10] The Court finds no allegations in the Complaint directed specifically to actions other than the County and Austintown Township. All of the criminal complaints described below (against the only people who are currently

from exercising jurisdiction under the teachings of *Younger v. Harris*, 401 U.S. 37 (1971), because the underlying criminal proceedings challenged by the plaintiffs remain pending by way of various appeals in the state courts. They further assert that, to the extent any plaintiff entered a plea of guilty on her underlying criminal case, a constitutional claim brought under 42 U.S.C. § 1983 is barred by the doctrines of *res judicata* and waiver and by the teachings of *Heck v. Humphrey*, 512 U.S. 477 (1994). In the alternative, all Defendants argue that, if *Younger* and *Heck* do not apply, plaintiffs' claims should all be dismissed on the merits, first, because the challenged method of issuing warrants and initiating criminal proceedings is authorized by Ohio statutes and criminal rules and, second, because any claim of abuse of process is fundamentally inconsistent with the allegations of the complaint.

The Court declines to address any arguments directed to the merits of plaintiffs' claims, except for the abuse of process claim which, as discussed below, cannot survive the motion to dismiss. Instead, the Court will address the applicability of *Younger* and *Heck* and the doctrines of *res judicata* and waiver.

**A.      *Res Judicata* and Waiver; Claims not Cognizable Under Section 1983**

Where defendants plead guilty, any Fourth Amendment challenge "is not cognizable under the rule of *Heck v. Humphrey,* 512 U.S. 477 (1994)." *Martin v. Girard*, No. 98-1215, 2000 WL 658326, at * 2 (6th Cir. May 12, 2000).  This is so because "[a] finding of a Fourth Amendment violation concerning the [defendants'] arrests would necessarily imply the invalidity of their convictions; thus, their unlawful arrest claims are not cognizable under § 1983 because their convictions have not been reversed, expunged, or invalidated by any court." *Id.*

---

plaintiffs in this action) all seem to have arisen from Austintown Township. The Court sees no reason, given the current state of the pleadings, for any Township other than Austintown to be named as a defendant. However, no one has raised this as an issue; therefore, for now, the Court will forego addressing it *sua sponte*.

(citing *Heck,* 512 U.S. at 486-87; *Schilling v. White,* 58 F.3d 1081, 1086 (6th Cir.1995) (Fourth Amendment claim precluded by subsequent conviction)).

Further, "[i]n the event that *Heck* cannot be applied because of the short sentences and fines arising from the [defendants'] eventual guilty-plea convictions [...] then -- in the alternative -- the [defendants] are precluded from seeking damages by their guilty pleas, which have a *res judicata* effect." *Id.* (citing *Walker v. Schaeffer,* 854 F .2d 138, 142-43 (6th Cir.1988) (nolo contendere pleas estopped plaintiffs from asserting lack of probable cause in their suit claiming false arrest and imprisonment)). The same applies to any attempt to seek injunctive or equitable relief because "[a] favorable ruling on [the request] for declaratory and injunctive relief would necessarily imply that [their] convictions [...] were invalid." *McDonald v. Tennessee*, 79 F.App'x 793, 794 (6th Cir. 2003).

As set forth above, two of the plaintiffs, Graves and Sexton,[11] entered guilty pleas with respect to the charges against them referenced in the complaint. This renders their claims non-cognizable under § 1983. Therefore, all defendants are entitled to dismissal of the claims brought by Graves and Sexton. Those claims will be dismissed with prejudice.

**B.      Abstention under *Younger v. Harris***

In *Younger v. Harris*, 401 U.S. 37, 44-45 (1971), the Supreme Court held that a federal court must decline to interfere with pending state criminal proceedings. "In the typical *Younger* case, [...] the basis for the federal relief claimed is generally available to the would-be federal plaintiff as a defense in state proceedings." *Devlin v. Kalm*, 594 F.3d 893, 894 (6th Cir. 2010). "Minimal respect for the state processes, of course, precludes any *presumption* that the

---

[11] The County also alleges in its motion to dismiss that Montecalvo's claims related to a theft charge (2008 CR A 391) fall under this argument. However, the Court finds no allegations in the Complaint with respect to such charge.

state courts will not safeguard federal constitutional rights." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

While *Younger* addressed only requests for injunctive relief, its rationale has been extended by the Sixth Circuit to circumstances like those presented here, where § 1983 claims for damages are brought while a plaintiff's state-court criminal proceedings are still ongoing. *Ha v. Weber*, No. 1:07CV1788, 2007 WL 3146246, at * 2 (N.D. Ohio Oct. 25, 2007) (citing *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074-75 (6th Cir. 1998) (holding *Younger* abstention proper in federal action for damages under § 1983 and the Fair Housing Act); *Schilling v. White*, *supra*, ("our Circuit has recognized that the relevant inquiry when considering abstention under *Younger* is the nature and degree of the state's interest in judicial proceedings, rather than whether a party is seeking injunctive relief or monetary damages.")). *See also*, *Brindley v. McCullen*, 61 F.3d 507, 509 n.2 (6th Cir. 1995) ("[W]hen disposition of a federal action for damages necessarily requires the resolution of issues that will determine the outcome of pending state criminal proceedings, *Younger* requires that the federal action not proceed.") (quoting *Feaster v. Miksch*, 846 F.2d 21, 24 (6th Cir. 1988)).

The criminal cases of Plaintiffs Benner,[12] Montecalvo, Ellis, Wallace, Jackson, Pratt, and Narkum, are all presently pending on appeals in state courts. Moreover, motions to dismiss were filed in their state criminal cases setting forth substantially the same issues they have brought before this Court. The motions to dismiss were initially denied in each case; however, re-filed motions to dismiss were granted on September 2, 2011. The State appealed that dismissal and each appeal remains pending.

---

[12] Benner's case which was ultimately no-billed by the grand jury does not survive the motion to dismiss because any claim she may have had with respect to lack of probable cause to arrest was mooted when Judge D'Apolito found probable cause and bound the case over for consideration by the grand jury. The fact that she was not ultimately charged does not change the analysis.

"*Younger* abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll*, 139 F.3d at 1074 (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

The County records clearly reflect that all of the cases referenced in the Verified Complaint were pending on December 14, 2010 when the Complaint was filed and the appeals from the dismissals also remain pending at this time. *See Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) (the court must "look to see if the state court proceeding was pending at the time the federal complaint was filed" and "[i]t remains pending until a litigant has exhausted his state appellate remedies."). Although the plaintiffs here are not the appellants in the pending appeals, should the appellants prevail in the appeals (which would result in the reinstatement of plaintiffs' criminal cases in the trial court), plaintiffs would be entitled to seek relief from the Ohio Supreme Court. Should they not prevail in that forum, their reinstated criminal cases would proceed and they would have the right to raise Fourth Amendment challenges in the state courts. Therefore, the first *Younger* prong is satisfied.

As to the second prong, the pending appeals in all of the relevant criminal cases challenge a ruling by Judge David A. D'Apolito of the Mahoning County Area Court #4 dismissing all of the cases because of his finding that "as a general rule a lap dance of and by itself is not Prostitution as intended by the legislature." (Doc. No. 87-1.) The State has an important interest "in exposing and prohibiting promotions of prostitution [and] illegal obscene live performances [...]." *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000) (internal quotation marks and citation omitted). The State has an important interest in determining whether or not Judge D'Apolito's ruling was correct. Therefore, the second *Younger* prong is satisfied.

10

Under the third *Younger* prong, the Court must determine whether plaintiffs have an adequate opportunity to raise all of their constitutional claims in the state court proceeding. *Gonnella v. Johnson*, 115 F. App'x 770, 772 (6th Cir. 2004) (finding third prong satisfied where plaintiff raised constitutional and statutory challenges to prosecution in state criminal court). "Where vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.' " *Watts v. Burkhart*, 854 F.2d 839, 845 (6th Cir. 1988) (quoting *Middlesex*, 457 U.S. at 432 (internal quotation omitted)). The Court "must presume that the state courts are able to protect the interests of federal plaintiff[s]." *Weber*, 2007 WL 3146246, at * 2 (quoting *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995)). In this case, there is no indication that plaintiffs cannot raise their constitutional claims in the course of the state criminal proceedings. Nor do Plaintiffs contend that the state courts are inadequate or that state law bars the interposition of their constitutional claims. Accordingly, the third prong of *Younger* is satisfied here.

Because the Court concludes that all of the requirements of *Younger* are met in this case, abstention is appropriate. Moreover, the Court concludes that its decision to abstain in this case is in keeping with recent decisions of the district courts within this circuit. *See, Weber*, 2007 WL 3146246, at *2 (staying federal action for damages for an alleged illegal search and seizure on *Younger* abstention grounds while plaintiff pursued appeal of his criminal conviction); *Michel v. City of Akron*, No. 5:06CV2798, 2007 WL 1362503 (N.D. Ohio May 7, 2007) (granting defendants' motion to abstain during pendency of state criminal proceedings where plaintiff filed civil suit prior to his indictment on charges of conducting an illegal gambling operation, claiming that search and seizure of his business violated his federal constitutional rights, § 1983, and state law); *Holden v. Cnty. of Saginaw*, No. 04-CV-10250-BC, 2005 WL

1028003 (E.D. Mich. Feb. 25, 2005) (abstaining pursuant to *Younger* during ongoing state criminal proceedings where plaintiff's federal suit sought damages and injunctive relief stemming from defendants' alleged harassment and discrimination of plaintiff and an alleged conspiracy to violate plaintiff's civil rights by entering his home without a warrant or probable cause and seized religious items) (adopted by *Holden v. Cnty. of Saginaw*, No. 04-10250-BC, 2005 WL 927508 (E.D. Mich. April 19, 2005).

Having found that the requirements of *Younger* abstention are met, the Court must also examine whether any of the exceptions to *Younger* apply. The Supreme Court has outlined three exceptions to the *Younger* abstention doctrine in which:

> (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979) (quoting *Huffman*, 420 U.S. at 611, 95 S. Ct. 1200); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975).

*Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003). The exceptions to *Younger* have generally been interpreted narrowly by the Supreme Court and the Sixth Circuit. *Id.* (citing *Zalman v. Armstrong,* 802 F.2d 199, 205 (6th Cir. 1986)).

None of the exceptions are present in this case. First, the pending state court appeals are clearly not motivated by bad faith but, rather, by the State's desire to legitimately challenge the trial judge's ruling with respect to the criminality of the acts alleged. Second, there is no explicitly challenged statute at issue. And, third, although plaintiffs have sought immediate relief by way of a preliminary injunction (a ruling which this Court has held in abeyance up to

now), that same relief can be sought from the State court. Therefore, there is no "extraordinarily pressing need" for federal court intervention.

Having concluded that *Younger* abstention applies and none of the exceptions to the doctrine preclude abstention in this case, the Court elects to stay this action. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998) (holding that when a plaintiff seeks damages pursuant to § 1983 and *Younger* abstention is warranted, the district court should stay, not dismiss, the complaint). A stay, as opposed to dismissal, is appropriate when, as is the case here, plaintiffs seek monetary relief and such claims for damages cannot be addressed in the state court. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988). Here, the plaintiffs may assert constitutional defenses in the criminal proceedings but may not seek monetary damages for the alleged constitutional violations.

Accordingly, the Court will stay those portions of this action that survive the motions to dismiss until the ongoing state criminal proceedings have terminated. In doing so, it is important to note that this Court has not spoken to, nor offered any opinion on, the merits of any of plaintiffs' allegations or claims raised under the Fourth Amendment and/or 42 U.S.C. § 1983.

## C.     Abuse of Process (Count 4)

Plaintiffs allege that "Defendants misused the arrest warrants for a purpose for which they were not designed [and] perverted the process for an ulterior purpose for which the arrest warrant was not designed resulting in direct damage to plaintiffs [...] from unreasonable seizures in violation of the Fourth Amendment." (Compl. ¶ 108.) They further allege that "[e]ach Township police officer, County sheriff's deputy or County prosecutor acted recklessly in filing complaints insufficient to establish probable cause." (Compl. ¶ 109.)

In order to establish a claim of abuse of process, a plaintiff must show "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294 (1994), Syllabus (emphasis added).

Plaintiffs' own allegations are inconsistent with the establishment of an abuse of process claim. In particular, the allegations claim that arrests were made *without* probable cause. An abuse of process claim requires a showing that a legal proceeding was *properly* set in motion and was *supported by probable cause*. Taking plaintiffs' allegations as true, an abuse of process claim cannot be maintained.[13]

Accordingly, the abuse of process claim in Count 4 is dismissed with prejudice as to all defendants.

### III. CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss (Doc. Nos. 87 and 89) are **GRANTED IN PART and DENIED IN PART** as follows: the claims of plaintiffs Shannon Graves and Amber Sexton are dismissed with prejudice on the ground of *res judicata* and because they are non-cognizable under § 1983; the abuse of process claim in Count 4 is dismissed for failure to state a claim; and all remaining claims are **STAYED** until all pending state court actions are resolved. Plaintiffs will have the responsibility of informing the Court once the state court actions are completed.

---

[13] This claim is not pled in the alternative to the other claims.

14

## IV. OTHER PENDING MOTIONS

On April 14, 2011, Plaintiffs filed a motion for preliminary injunction, seeking an order from this Court "enjoining and restraining Defendants from filing insufficient criminal complaints to secure warrants; and enjoining and restraining deputy clerks from issuing warrants without determining probable cause." (Doc. No. 52.)

On April 15, 2011, Plaintiffs filed a motion to certify class action seeking to certify a class of "every person charged with a misdemeanor or felony criminal complaint in the four Mahoning County Courts since December 14, 2006[.]" (Doc. No. 53.)

The Court previously deferred the briefing on these two motions, preferring to resolve the motions to dismiss first. On August 24, 2011, the Court ordered that, should the case survive the motions to dismiss, the Court would set a hearing date for the preliminary injunction motion and, thereafter, briefing would be completed on that motion, but the motion for class certification would remain deferred.

Now, in light of the instant ruling staying the parts of the Complaint which have survived the motions to dismiss, the Court concludes that all proceedings must be stayed including the motions for preliminary injunction and for class certification.

Rather than have these motions remain pending, they are **DENIED WITHOUT PREJUDICE TO RENEWAL**. At such time as the Court lifts the stay, plaintiffs may renew either or both motions and request a briefing schedule.

**IT IS SO ORDERED**.


Dated: November 28, 2011                    _____
                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**

15