UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON GRAVES, et al., | ) | CASE NO. 4:10CV2821 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| MAHONING COUNTY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is the motion of several defendants ("movants")[1] to strike the amended complaint. (Doc. No. 121.) Plaintiffs filed a response (Doc. No. 122), and movants filed a reply (Doc. No. 128).[2]

For the reasons and in the manner discussed below, the motion to strike is **GRANTED**.

## I. BACKGROUND

This case has a lengthy history relating, in particular, to the complaint itself.[3]

On December 14, 2010, nine plaintiffs (Shannon Graves, Michelle Benner, Amber Sexton, Nicole Montecalvo, April Ellis, Amanda Wallace, Erica Jackson, Mary Pratt, and

---

[1] The motion was filed by defendants Mahoning County, Mahoning County Prosecutor Paul Gains, Mahoning County Assistant Prosecutor Ken Cardinal, Mahoning County Clerk of Court Anthony Vito, former Mahoning County Sheriff Randall Wellington, and Mahoning County Sheriff's Deputy E. Mitchell. All of the individual defendants, both in the original complaint and in the amended complaint are sued only in their official capacities.

[2] Plaintiffs also filed a motion for leave to file a sur-reply. (Doc. No. 129.) There has been no opposition to this motion; however, the Court perceives no need for the sur-reply. Plaintiffs' motion is, therefore, **DENIED**.

[3] The underlying facts alleged in the complaint are not relevant for purposes of the instant motion, which involves strictly procedural matters. That said, the gravamen of the complaint is that each plaintiff has suffered a violation of the Fourth Amendment right to be protected from arrest without a prior independent probable cause determination.

Trisha Narkum) filed a verified complaint against ten defendants (Mahoning County, Austintown Township, Beaver Township, Boardman Township, Goshen Township, Green Township, Jackson Township, Milton Township, Smith Township, and Springfield Township). (Doc. No. 1.)

The case was originally assigned to Judge David D. Dowd, Jr., who subsequently recused himself. On April 4, 2011, the case was reassigned to the undersigned judicial officer. Shortly before his recusal, Judge Dowd granted plaintiffs' motion for leave to amend the complaint. (Doc. No. 41.) On April 9, 2011, plaintiffs filed the first amended complaint (Doc. No. 48), which was later stricken by order of this Court on defendants' motion to strike. The Court found that the first amended complaint exceeded the scope of the leave to amend that had been granted by Judge Dowd. Plaintiffs were granted seven (7) days to file a first amended complaint that would comport with the representations made to Judge Dowd in the motion to amend and its tendered draft complaint. The order specified that, if the proper amended complaint was not filed within seven days, the case would proceed on the basis of the original complaint. (Doc. No. 84.)

Plaintiffs did not file an amended complaint within the 7-day window. Instead, on September 30, 2011, without seeking leave and after defendants had already filed motions to dismiss, plaintiffs filed an amended complaint (Doc. No. 94),[4] asserting that they did so "once as a matter of course" pursuant to Fed. R. Civ. P. 15(a)(1)(B). Defendants again moved to strike and, on October 7, 2011, the Court granted that motion. (Doc. No. 97.)

---

[4] The amended complaint, as originally filed (Doc. No. 90), did not conform to electronic filing requirements to separately identify each exhibit. Plaintiffs' counsel was advised by the Clerk's Office on October 3, 2011 to refile the amended complaint. He did so as Doc. No. 94.

2

On November 28, 2011, the Court ruled on defendants' motions to dismiss. (Doc. No. 103.) The Court dismissed with prejudice the claims of Graves and Sexton, dismissed the abuse of process claim in Count 4 for failure to state a claim,[5] and stayed all remaining claims pending resolution of related state court actions. Plaintiffs filed an appeal.[6] The Sixth Circuit "reverse[d] the . . . dismissal of Graves's and Sexton's claims and remand[ed] the case for further proceedings." *Graves v. Mahoning County*, 534 F. App'x 399, 406 (6th Cir. 2013).[7]

Following remand, the Court conducted the Case Management Conference ("CMC"). Because "[p]laintiffs' counsel agreed that the issues in the case are very narrow and that all would be well-served by a more thoughtfully crafted complaint[,]" (Doc. No. 118 at 2282), the Court granted leave to file an amended complaint by December 17, 2013, "nam[ing] parties and address[ing] issues as narrowly as possible[.]" (*Id*.)[8]

---

[5] Specifically, the Court ruled that the abuse of process claim was dismissed with prejudice because plaintiffs' allegation that their arrests were without probable cause was inconsistent with the elements of an abuse of process claim, in particular, a showing that a legal proceeding was set in motion in proper form and with probable cause. (Doc. No. 103 at 2236-37.)

[6] Defendants, except for Smith Township, also filed a cross-appeal. The Sixth Circuit ruled it did not have jurisdiction over the cross-appeal.

[7] The Sixth Circuit also noted that it need not address whether this Court properly applied *Younger v. Harris*, 401 U.S. 37, 43 (1971) to stay the portions of the case that were not dismissed since, during the pendency of the appeal, all state court cases had been terminated.
   It is not entirely clear how or whether the Sixth Circuit ruled with respect to this Court's dismissal of the abuse of process claim for failure to state a claim. Although the court mentioned that count of the complaint and noted that this Court had dismissed it, when it actually reached "the merits of plaintiffs' appeal" in Section III of its opinion, it discussed only this Court's dismissal of Graves's and Sexton's claims under *Heck v. Humphrey*, 512 U.S. 477 (1994), and under *res judicata*. It appears from the Sixth Circuit's opinion that plaintiffs' challenge with respect to the abuse of process claim was that it had been dismissed "without allowing plaintiffs to amend their complaint[.]" *Graves*, 534 F. App'x at 403. When addressing the "other issues" raised in plaintiffs' appeal, such as the "denial of the . . . motion to amend the complaint[,]" *id*. at 404, the Sixth Circuit concluded that it had no jurisdiction because the rulings on these "other issues" were not final orders. *Id*. The currently challenged amended complaint (Doc. No. 119) still contains an abuse of process claim, albeit in substantially different form than the original complaint. It also still contains allegations of arrest without probable cause, which remain inconsistent with the elements of an abuse of process claim.

[8] In a footnote, the Court stated: "Plaintiffs' counsel believes that the issues are narrow, given the recent rulings by the Seventh District Court of Appeals of Ohio in *State of Ohio v. Jones*, No. 11 MA 60, 2012 WL 1035017 (Ohio Ct. App. Mar. 20, 2012) and the Sixth Circuit Court of Appeals in *Graves v. Mahoning County*, Nos. 12-3477/11-4409, 2013 WL 4105653 (6th Cir. Aug. 15, 2013)." (Doc. No. 118 at 2282, n.1.)

On December 17, 2013, plaintiffs filed the amended complaint challenged by the instant motion to strike. The amended complaint (Doc. No. 119) omitted one of the nine original plaintiffs (Erica Jackson), but added twelve new plaintiffs (Stephanie Yash, Stephanie McCourt, Jessica Taylor, Christopher Petko, Marvin Brown, Francine DeFrank, Bobby Burkey, Korie Ball, Roy Jackson, Joel Gonzalez, Sergio Rivera, and Darryl Jackson), all of whom had previously been added by way of the first amended complaint that was later stricken. The amended complaint also added as defendants two more townships (Sebring Township and Canfield Township),[9] two more cities (City of Canfield and City of Struthers), twenty more individuals (Paul Gains, Ken Cardinal, Anthony Vivo, Randall Wellington, E. Mitchell, Jeff Solic, Kathy Dina, Kal Adorjan, Eric Datillo, Patrick Klingensmith, Timothy Hughes, Joseph O'Grady, Don Hawkins, Glen Riddle, Craig Crider, Joel Gensler, Dan Guy, William Faudree, Lance Malone, Jeff Pantall – all in their individual capacities only), and "Does 1 through 100," all of whom had previously been added as defendants by way of the first amended complaint that was later stricken.

## II. DISCUSSION

Movants challenge the amended complaint filed on December 17, 2013, because it is "strikingly similar to the Complaint previously stricken two separate times by this Court." (Doc. No. 121 at 2546.) They ask the Court to "strike the Amended Complaint as it pertains to the newly named Mahoning County Defendants for the same reasons this Court struck the same complaint on August 23, 2011 and October 7, 2011." (*Id*.)[10]

---

[9] Even though these two townships were added, they joined the ranks of three of the originally named townships (Green Township, Jackson Township, and Smith Township) --for a total of five townships -- against whom there were *no* allegations of wrongdoing set forth in either the original complaint or the amended complaint.

[10] In the alternative, movants ask to be given an opportunity to properly oppose plaintiffs' request for leave to amend their complaint. This strikes the Court as an exercise in futility.

In opposition to the motion to strike, plaintiffs argue that they have "narrowed the issues[,]" (Doc. No. 122 at 2550), and "focused their complaint on the clerks' lack of qualifications and the use of a criminal complaint (without supporting affidavit), which merely recited the elements of the crime, to support the arrest warrants." (*Id*.) They further argue, with respect to adding plaintiffs, that "the unconstitutional arrests are not limited to exotic dancers." (*Id*.) Plaintiffs do not address why they added defendants.

In reply, movants emphasize that, had they known plaintiffs planned to amend by reinserting both plaintiffs and defendants who had previously been stricken from the lawsuit, they would have strongly argued at the CMC that amending would be futile and should be denied.[11]

This case is entering its fourth year and very little of substance has actually occurred. Notably, the pleadings have not even been finalized. At the CMC on November 19, 2013, plaintiffs' counsel advised the Court that he wished to amend the complaint to narrow the issues and to retain only necessary parties.[12] The Court granted that request. However, the current amended complaint does not comply. At this late date, the Court will not permit the *addition* of parties (neither plaintiffs nor defendants). The motion to strike (Doc. No. 121) is granted. Plaintiffs are granted leave to file an amended complaint, by no later than March 14, 2014, to narrow both the issues and the parties consistent with the representations made to the

---

[11] Plaintiffs have also filed a motion for leave to file a sur-reply brief. (Doc. No. 129.) Since the proposed sur-reply adds nothing to the analysis, and since the movants should be permitted the last word, that motion is **DENIED**.

[12] As to the claims of the lawsuit, the Sixth Circuit's opinion has made clear that neither *Heck v. Humphrey*, 512 U.S. 477 (1994) nor the doctrine of *res judicata* bars plaintiffs' lawsuit with respect to their Fourth Amendment claims. Therefore, Count 1 (for declaratory judgment) and Count 2 (for a civil rights violation relating to the Fourth Amendment) are viable claims and will proceed. Count 3 (for abuse of process) was previously dismissed and, as explained in note 7 above, was not before the Sixth Circuit on any final order; therefore, that claim was not revived by the Sixth Circuit's ruling and will not remain in the lawsuit.

Court during the CMC and in light of the claims that survived the appeal. Thereafter, defendants shall have until April 4, 2014 to file responsive pleadings.

Should the responsive pleadings be in the form of dispositive motions, any opposition shall be filed by May 2, 2014 and replies, if any, by May 14, 2014.

Briefing on plaintiffs' intended renewed motion for class certification shall be held in abeyance until any preliminary dispositive motions are resolved.

At an appropriate time, if necessary, the Court will reconvene the CMC to configure the final Case Management Plan.

**IT IS SO ORDERED**.

Dated: February 28, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**